IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-243-D

JENNIFER WATSON, and LEE OSSINO, )
Individually and as the Natural Guardians )
of J.O., a Minor, )
)
                    Plaintiffs, )
)
v. )              **ORDER**
)
FRANKLIN COUNTY BOARD OF )
EDUCATION, )
)
                    Defendant. )

On May 3, 2023, Jennifer Watson and Lee Ossino ("Watson and Ossino" or "plaintiffs") filed a complaint against the Franklin County Board of Education ("the Board" or "defendant") asserting claims under 42 U.S.C. § 1983 as the natural guardians of J.O., a minor [D.E. 1]. On June 29, 2023, the Board answered the complaint by denying Watson and Ossino's allegations and asserting six affirmative defenses [D.E. 12]. On July 25, 2023, Watson and Ossino moved for partial judgment on the pleadings as to four of the Board's affirmative defenses [D.E. 14] and filed a memorandum in support [D.E. 15]. On July 25, 2023, Watson and Ossino also moved for partial summary judgment on the statute of limitations [D.E. 16], which is the Board's fifth affirmative defense, and filed a memorandum in support [D.E. 17]. On August 15, 2023, the Board responded in opposition to Watson and Ossino's motion for judgment on the pleadings [D.E. 22], moved for partial summary judgment on the statute of limitations [D.E. 23], and filed a memorandum in support of its motion for partial summary judgment and in opposition to Watson and Ossino's motion for partial summary judgment [D.E. 24]. On August 23, 2023, Watson and Ossino replied to the Board's response [D.E.

25] and responded in opposition to the Board's motion for partial summary judgment [D.E. 26]. On August 25, 2023, the Board replied to Watson and Ossino's response [D.E. 27].

As explained below, the court grants the plaintiffs' motion for partial judgment on the pleadings, grants the plaintiffs' motion for partial summary judgment, and denies the defendant's motion for partial summary judgment.

I.

Watson and Ossino are the parents and natural guardians of J.O., a special needs child. See Compl. [D.E. 1] ¶ 1; Answer [D.E. 12] ¶ 1. J.O. attended Franklinton Elementary School, which the Board oversees. See Compl. ¶ 2; Answer ¶ 2. As a special needs child, J.O. qualified as an "Exceptional Child." See Compl. ¶ 33; Answer ¶ 33. J.O. is nonverbal and requires assistance for almost all of her daily tasks. See Compl. ¶ 34; Answer ¶ 34. On November 4, 2013, the Board hired Margaret Harris ("Harris") as a school nutrition substitute. See Compl. ¶ 22; Answer ¶ 22. On June 5, 2014, Harris became a bus substitute. See Compl. ¶ 22; Answer ¶ 22. On or about August 17, 2017, Harris became a "dual role employee" as an Exceptional Teacher's Assistant and full-time bus driver. See Compl. ¶ 25; Answer ¶ 25.

During the 2017–18 school year, Harris was assigned to be J.O.'s Exceptional Child Teacher Assistant. See Compl. ¶ 36; Answer ¶ 36. On April 11, 2018, Harris asked a cafeteria worker to meet her at the back door of the cafeteria to give Harris a metal serving spoon. See Compl. ¶¶ 37–38; Answer ¶¶ 37–38. The cafeteria worker agreed. See Compl. ¶ 38; Answer ¶ 38. Harris then took J.O. behind the cafeteria and struck J.O.'s legs repeatedly and forcefully with the metal serving spoon. See Compl. ¶ 39; Answer ¶ 39. From inside the cafeteria, the cafeteria worker heard J.O. crying, returned outside, and witnessed Harris beating J.O. See Compl. ¶¶ 40–41; Answer ¶¶ 40–41. Harris stopped beating J.O. and told the cafeteria worker to mind her business. See Compl. ¶¶ 42–43;

Answer ¶¶ 42–43. Harris gave the metal serving spoon back to the cafeteria worker and took J.O. back to the classroom. See Compl. ¶ 45; Answer ¶ 45. Harris hit J.O. repeatedly with such force that Harris bent the metal serving spoon. See Compl. ¶¶ 38, 46; Answer ¶¶ 38, 46. The cafeteria worker reported what she had seen to her supervisor. See Compl. ¶ 47; Answer ¶ 47. Harris was later charged and convicted of assault on a disabled person. See Compl. ¶ 49; Answer ¶ 49.

II.

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The court may consider the pleadings and any materials referenced in or attached to the pleadings, which are incorporated by reference. See Fed. R. Civ. P. 10(c); see, e.g., Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005); Fayetteville Invs. v. Com. Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991). A court also may consider "matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007).

The same standard applies under Rule 12(b)(6) and Rule 12(c); therefore, a rule 12(c) motion tests whether a pleading is legally and factually sufficient. See, e.g., United States v. Cox, 743 F. App'x 509, 511 (4th Cir. 2018) (per curiam) (unpublished); Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014); Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). "Thus judgment on the pleadings requires a court to accept all well-pleaded allegations as true and draw all reasonable factual inferences from those facts in the non-moving party's favor." Cox, 743 F. App'x at 511 (cleaned up); see Drager, 741 F.3d at 474; Edwards, 178 F.3d at 244. A court need not accept a pleading's legal conclusions drawn from the facts. See Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521

3

F.3d at 302 (quotation omitted). Judgment on the pleadings is appropriate when the well-pleaded factual allegations in the complaint and the uncontroverted allegations in the answer, along with any documents attached to the pleadings, show that the court can decide the case as a matter of law. See Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014); Drager, 741 F.3d at 474; Firemen's Ins. Co. v. Glen-Tree Invs., LLC, No. 7:11-CV-59, 2012 WL 4191383, at *4 (E.D.N.C. Sept. 19, 2012) (unpublished). If a non-moving party asserts that there are disputed issues of material fact, "the motion should be denied or, if the motion is converted to one for summary judgment, the parties should be given 'a reasonable opportunity to present all the material that is pertinent to the motion.'" Silva v. Connected Invs., Inc., No. 7:21-CV-74, 2021 WL 4222592, at *2 (E.D.N.C. Sept. 16, 2021) (unpublished) (quoting Fed. R. Civ. P. 12(d)); see Nationwide Mut. Ins. Co. v. Wahome, No. 5:15-CV-601, 2018 WL 4689443, at *4 (E.D.N.C. Sept. 28, 2018) (unpublished).

Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Scott v. Harris, 550 U.S. 372, 378, 380 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment must initially demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, see Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. See Anderson, 477 U.S. at 249. In making this determination, the court must view

4

the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. See Harris, 550 U.S. at 378.

A genuine issue of material fact exists if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. See Anderson, 477 U.S. at 249. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position [is] insufficient . . . ." Id. at 252; see Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) ("The nonmoving party, however, cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."). Only factual disputes that affect the outcome under substantive law properly preclude summary judgment. See Anderson, 477 U.S. at 248.

The Board asserts six affirmative defenses: (1) statute of limitations; (2) governmental or sovereign immunity; (3) qualified or public official immunity; (4) Eleventh Amendment immunity; (5) good faith; and (6) no vicarious liability for intentional conduct. See Answer 9–10. Watson and Ossino move for partial judgment on the pleadings concerning (1) governmental or sovereign immunity, (2) qualified or public official immunity, (3) Eleventh Amendment immunity, and (4) good faith. See [D.E. 14]. The Board concedes that if Watson and Ossino's sole cause of action arises under 42 U.S.C. § 1983, then qualified immunity, good faith, and Eleventh Amendment immunity are not viable defenses. See [D.E. 22] 3–5. Watson and Ossino confirm that their sole cause of action arises under 42 U.S.C. § 1983. See [D.E. 25] 2; Compl. ¶¶ 51–78. Accordingly, the court grants the plaintiffs' motion for partial judgment on the pleadings as to those three defenses.

As for the Board's governmental immunity defense, under section 1983, school boards are indistinguishable from municipalities. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 696 (1978); Riddick v. Sch. Bd., 238 F.3d 518, 522 n.3 (4th Cir. 2000); Ricketts v. Wake Cnty. Pub. Sch. Sys., No. 5:21-CV-49, 2022 WL 19710, at *13 (E.D.N.C. Jan. 3, 2022) (unpublished); Barrett v. Bd.

5

of Educ., 13 F. Supp. 3d 502, 509 n.2 (E.D.N.C.), aff'd, 590 F. App'x 208 (4th Cir. 2014) (per curiam) (unpublished). Thus, like municipalities, school boards "can be sued directly under [section] 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690; see Owen v. City of Independence, 445 U.S. 622, 657 (1980); Hunter v. Town of Mocksville, 897 F.3d 538, 547 n.3 (4th Cir. 2018); Berkley v. Common Council, 63 F.3d 295, 296 (4th Cir. 1995) (en banc); Olavarria v. North Carolina, No. 5:19-CV-162, 2020 WL 573119, at *4 (E.D.N.C. Feb. 5, 2020) (unpublished). The Board is a local board of education organized under the laws of North Carolina. See Compl. ¶¶ 3, 7; Answer ¶¶ 3, 7; N.C. Gen. Stat. §§ 115C-40, 115C-47. Accordingly, the Board cannot assert governmental immunity as an affirmative defense.

In opposition to this conclusion, the Board contends it is immune from suit because Watson and Ossino have alleged only "an injury inflicted solely by [the Board's] employees or agents." [D.E. 22] 6 (quoting Monell, 436 U.S. at 694). Whether a plaintiff has plausibly alleged, however, that his injury results from a municipality's policy or custom is a question on the merits of a section 1983 claim, not immunity. See, e.g., Washington v. Hous. Auth., 58 F.4th 170, 182 (4th Cir. 2023); Biggs v. Edgecombe Cnty. Pub. Schs. Bd. of Educ., No. 4:16-CV-271, 2018 WL 4471742, at *6 (E.D.N.C. Sept. 18, 2018) (unpublished). Thus, the Board's argument fails. Accordingly, the court grants plaintiffs' motion for partial judgment on the pleadings concerning (1) governmental or sovereign immunity, (2) qualified or public official immunity, (3) Eleventh Amendment immunity, and (4) good faith.

The parties cross-move for partial summary judgment on the statute of limitations. See [D.E. 16, 23]. To determine the statute of limitations for a 42 U.S.C. § 1983 claim, the court must examine both state law and general common law. See Smith v. Travelpiece, 31 F.4th 878, 883 (4th Cir. 2022). "Because [section] 1983 does not contain a statute of limitations, courts borrow the statute of limitations from the most analogous state-law cause of action." Epcon v. Homestead, LLC v. Town of Chapel Hill, 62 F.4th 882, 886 (4th Cir. 2023) (quotation omitted); see Owens v. Okure, 488 U.S. 235, 239 (1989); Owens v. Balt. City State's Att'y's Off., 767 F.3d 379, 388 (4th Cir. 2014). In North Carolina, the "analogous state limitations period is the three-years limitations period . . . relating to personal injury actions." Epcon, 62 F.4th at 886 (quotation omitted); see Nat'l Advert. Co. v. City of Raleigh, 947 F.2d 1158, 1161–62 (4th Cir. 1991); see also N.C. Gen. Stat. § 1-52(5). North Carolina law tolls the statute of limitations for a minor plaintiff until "the disability is removed." N.C. Gen. Stat. § 1-17(a). "The disability of minority can be removed by the appointment of a [guardian ad litem] or by the passage of time [to the age of majority], whichever occurs first." King ex rel. Small v. Albemarle Hosp. Auth., 370 N.C. 467, 471, 809 S.E.2d 847, 849 (2018); see Bryant v. Adams, 116 N.C. App. 448, 456, 448 S.E.2d 832, 836 (1994).

On December 9, 2022, the Franklin County Superior Court appointed Watson and Ossino as J.O.'s guardians ad litem. See [D.E. 18-1]; [D.E. 17] 4; [D.E. 24] 10–11. Watson and Ossino contend that they are entitled to summary judgment on the statute of limitations because they brought this action within three years of that appointment. See [D.E. 17] 3–5. The Board concedes that the claims are timely if "J.O. is a named Plaintiff in this action." [D.E. 24] 10–11. The Board questions, however, whether J.O. is a named plaintiff in this case. See id.; [D.E. 27] 2.[1] Moreover, the Board

---

[1] The Board does not argue that J.O. is not a real party in interest in this case. The Board merely notes that "[i]t is certainly less than clear . . . whether the Complaint in this action actually

7

maintains its statute of limitations defense against any claims by Watson and Ossino as individuals, and the Board moves for judgment as a matter of law on any claim for punitive damages. See [D.E. 24] 6–10, 11–13. Watson and Ossino respond they are not seeking individual recovery in this case and agree "such actions would be time-barred" and "may be dismissed." [D.E. 26] 3. Watson and Ossino also "agree that punitive damages against municipalities are not available under 42 U.S.C. § 1983" and are not seeking punitive damages. Id.

Civil actions "must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Guardians "may sue in their own names without joining the person for whose benefit the action is brought." Fed. R. Civ. P. 17(a)(1)(C). "The meaning and object of the real party in interest principle embodied in Rule 17 is that the action must be brought by a person who possesses the right to enforce the claim and who has a significant interest in the litigation." Va. Elec. & Power Co. v. Westinghouse Elec. Corp., 485 F.2d 78, 83 (4th Cir. 1973). "A guardian ad litem . . . always has been deemed a nominal party only; the ward is the real party in interest . . . ." 6A Charles Allen Wright, et al., Wright & Miller Federal Practice and Procedure § 1548 (3d ed. 2005). "If there is one unbroken thread in real-party-in-interest jurisprudence, it is a general refusal to privilege the form of a complaint over its substance." Cunningham v. Lester, 990 F.3d 361, 365 (4th Cir. 2021).

The complaint demonstrates that J.O. is a real party in interest in this action. The complaint asserts the "clearly established Fourteenth Amendment substantive due process rights of Minor J.O." Compl. ¶¶ 56, 58–59. The complaint seeks redress for J.O.'s injuries. See id. at ¶¶ 64, 70, 76. The complaint notes that Watson and Ossino have suffered "disruption, emotional distress, and monetary

---

identifies Minor J.O. as a named party-plaintiff and should be read to assert her individual claim for relief. . . . [T]he Court must determine whether Minor J.O. is actually a named plaintiff to this case . . . . If the Court so finds, the statute of limitations has admittedly not expired for the minor's claims." [D.E. 24] 11.

8

loss," id. at ¶ 50, but Watson and Ossino do not assert any causes of action of their own to recover for that alleged injury. Indeed, Watson and Ossino explicitly have disavowed any individual claims that ambiguity in the complaint may have suggested. See [D.E. 26] 3 & n.1. Thus, J.O. is a real party in interest to this action, and Watson and Ossino timely brought this action as her guardians ad litem. Accordingly, the court grants Watson and Ossino's motion for partial summary judgment on the statute of limitations and denies the Board's motion for partial summary judgment on the statute of limitations.

The court denies as moot the remainder of the Board's motion for summary judgment. In its motion, the Board appears to be protecting itself against claims Watson and Ossino made in a prior state action, not this action. See, e.g., [D.E. 24] 13 n.4 ("Again, it is worth [noting] that Plaintiffs' Complaint in the Prior State Court Action explicitly asserted a claim for punitive damages."). Watson and Ossino do not assert any individual claims or any claims for punitive damages in this action. See Compl. ¶¶ 56, 58–59, 64, 70, 76.

III.

In sum, the court GRANTS plaintiffs' motion for partial judgment on the pleadings [D.E. 14] and GRANTS plaintiffs' motion for partial summary judgment [D.E. 16]. The court DENIES defendant's motion for partial summary judgment on the statute of limitations [D.E. 23] and DENIES AS MOOT defendant's motion for partial summary judgment on plaintiff's individual claims and claims for punitive damages [D.E. 23].

SO ORDERED. This 17 day of November, 2023.

JAMES C. DEVER III
United States District Judge